IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, | ) |
| and | ) |
| THE CLIMATE CORPORATION, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:16-cv-876 |
| JIUNN-REN CHEN, | ) |
| and | ) |
| JOHN AND JANE DOES 1 THROUGH 10 AND OTHER JOHN DOE CORPORATIONS 1 THROUGH 10 | ) |
| Defendants. | ) |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Fed. R. Civ. P. 65(b), Plaintiffs, Monsanto Company and The Climate Corporation ("Plaintiffs"), file this Motion for a Temporary Restraining Order against Defendant, Jiunn-Ren Chen, in this action brought under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, as amended, based on his misappropriation of Plaintiffs' trade secrets. Plaintiffs seek a temporary restraining order to preserve the status quo and to prevent Defendant from causing further irreparable harm to Plaintiffs during the pendency of this litigation. The requested temporary restraining order is justified and supported by the facts and authorities set forth in the accompanying memorandum, which demonstrates Plaintiffs meet all of the elements required for temporary injunctive relief: (1) Plaintiffs are likely to prevail on the merits of their misappropriation of trade secrets claims under the DTSA; (2) Plaintiffs will suffer

irreparable harm without the requested temporary restraining order; (3) the injury to Plaintiffs outweighs any injury the injunction will cause Defendant; and (4) such an injunction serves the public interest. *Pottgen v. Mo. State High Sch. Activities Ass'n*, 40 F.3d 926, 928 (8th Cir.1994).

As part of this Motion, Plaintiff submits the following:

1. The accompanying Memorandum in Support of this Motion, filed contemporaneously herewith, including the supporting Declarations of Brent A. McCarthy and Scott B. Baucum.

2. A Proposed Order filed contemporaneously with this Motion.

3. Plaintiffs' request for an expedited hearing on this Motion.

4. Plaintiffs' request that the Court waive the security requirement for bond pursuant to Fed. R. Civ. P. (c) or set the bond at zero dollars.

Plaintiffs respectfully requests the Court enter a temporary restraining order:

(1) requiring Defendant to return all trade secret information ever misappropriated by him, including but not limited to the fifty-two documents taken by Defendant on June 10, 2016;

(2) prohibiting Defendant from using or disclosing any misappropriated trade secret information for any purpose;

(3) compelling Defendant to identify all cloud data storage accounts and provide Plaintiffs' with the user names and passwords for those accounts to allow Plaintiffs to recover its confidential business information and trade secrets misappropriated by Defendant and to conduct analytics on those accounts to determine whether additional transfers occurred;

(3) prohibiting Defendant from attempting to misappropriate Plaintiffs' trade secret information; and

(4) for such further relief as the Court deems proper.

## REQUEST FOR HEARING

Given the urgency of the matter, Plaintiffs request a hearing on this Motion for Temporary Restraining Order on **Friday, June 17, 2016, at 1:00 p.m**.

## NOMINAL SECURITY

Insofar as Defendant's damages will be at most nominal in the unlikely event Defendant is ever found to have been "wrongfully enjoined or restrained" by the requested temporary restraining order during the limited period of its duration, the Court is requested to exercise its discretion under Fed. R. Civ. P. 65(c) to properly set the security to be given by Plaintiffs in support of the requested temporary restraining order at zero. *See Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999) ["The amount of the bond, then ordinarily depends on the gravity of the potential harm to the enjoined party…Where the district court determines that the risk of harm is remote, or that the circumstances otherwise warrant it, the court may fix the amount of the bond accordingly. In some circumstances, a nominal bond may suffice. *See e.g. International Controls Corp. v. Vesco*, 490 F.2d 1334 (2d Cir. 1974) (approving district court's fixing bond amount at zero in the absence of evidence regarding likelihood of harm)."]

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Matthew T. Schelp*
Matthew T. Schelp, 45724MO
Matthew P. Diehr, 61999MO
Mark C. Milton, 63101MO
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
T: 314.480.1500 / F: 314.480.1505
matthew.schelp@huschblackwell.com
matthew.diehr@huschblackwell.com
mark.milton@huschblackwell.com