IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, | ) |
| and | ) |
| THE CLIMATE CORPORATION, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:16-cv-876 CDP |
| JIUNN-REN CHEN, | ) |
| and | ) |
| JOHN AND JANE DOES 1 THROUGH 10 AND OTHER JOHN DOE CORPORATIONS 1 THROUGH 10 | ) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

This matter having come before the Court pursuant to Fed. R. Civ. Proc. 65(b) on the motion of Plaintiffs, Monsanto Company and The Climate Corporation, for a temporary restraining order, and upon consideration of the briefs, arguments, and evidence submitted in this matter, including Plaintiffs' Complaint, this Court hereby finds:

1.  Plaintiff's application satisfies the equitable purpose for a temporary restraining order to "preserve the *status quo* and prevent irreparable injury just so long as necessary for the Court to hold a hearing" on Plaintiff's' pending amended motion for preliminary injunction. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp*., 174 F.3d 411,422 (4th Cir. 1999) citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters etc*., 415 U.S. 433, 439, 94 St. Ct. 1113 (1974).

2. Plaintiffs have met their burden of providing each of the four elements for seeking a temporary restraining order, which include "the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between this harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest." *Pottgen v. Mo. State High Sch. Activities Ass'n*, 40 F.3d 926, 928 (8th Cir.1994).

3. In particular, the Court finds based on Plaintiffs' Complaint and the Motion for a Temporary Restraining and supporting Memorandum and Declarations, that there is a substantial likelihood that Plaintiffs will prevail on the merits of their claims against Defendant. Moreover, the threatened irreparable injury if the temporary restraining order is denied outweighs any harm that will result to Defendant from issuing the temporary restraining order. Finally, the public interest is furthered by temporarily enjoining the potential misappropriation of trade secrets.

4. Accordingly, Plaintiffs Motion for a Temporary Restraining Order against Defendant Jiunn-Ren Chen IS GRANTED.

5. IT IS HEREBY ORDERED that immediately forthwith, Defendant Jiunn-Ren Chen shall return all of Plaintiffs' trade secret information in his possession, including but not limited to the fifty-two documents taken by Defendant on June 10, 2016.

6. IT IS FURTHER HEREBY ORDERED that Defendant Jiunn-Ren Chen is temporarily enjoined from using, disclosing, or otherwise transmitting the misappropriated trade secret information for any purpose.

7. IT IS FURTHER HEREBY ORDERED that Defendant Jiunn-Ren Chen shall immediately forthwith identify all cloud data storage accounts along with the user names and passwords for those accounts to allow Plaintiffs to recover its confidential business information and trade secrets misappropriated.

8.      Because the circumstances warrant it and it appears that the likelihood of harm to Defendant is remote as a consequence of this temporary injunction, the security amount for this temporary injunction is set at zero pursuant to Fed. R. Civ. Proc. Rule 65(c). *See Hoachst Diafoil. Co. v. Nan Ya Plastics*, supra, 174 F.3d 411, 421 n.3 (4th Cir. 1999) ("The amount of the bond, then ordinarily depends on the gravity of the potential harm to the enjoined party…Where the district court determines that the risk of harm is remote, or that the circumstances otherwise warrant it, the court may fix the mount of the bond accordingly. In some circumstances, a nominal bond may suffice."). *See e.g. International Controls Corp. v. Vesco*, 490 F. 2d 1334 (2d Cir. 1974) (approving district court's fixing bond amount at zero in the absence of evidence regarding likelihood of harm).

9.      IT IS FURTHER HEREBY ORDERED that this order shall remain in effect until Monday, June 27, 2016.

10.     IT IS FURTHER HEREBY ORDERED that plaintiffs' counsel shall immediately serve this order on defendant and counsel who has indicated he will be representing defendant in this matter.

**IT IS SO ORDERED.**

 **Dated: June 17, 2016 at 2:05 p.m.**              _Catherine D. Perry_
                                                     CATHERINE D. PERRY
                                                     UNITED STATES DISTRICT JUDGE

3