IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-876 |
| | ) | |
| JIUNN-REN CHEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>**

Pursuant to Fed. R. Civ. P. 65(a) and the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, as amended, Plaintiffs, Monsanto Company and The Climate Corporation ("Plaintiffs"), file this Motion for Preliminary Injunction against Defendant, Jiunn-Ren Chen, and state as follows:

1. Pursuant to Fed. R. Civ. P. 65(a), the Court may issue a preliminary injunction on notice to the defendant in this matter, Jiunn-Ren Chen ("Mr. Chen").

2. The purpose of a preliminary injunction is to "preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059, 1066 (8th Cir. 1997).

3. This Court weighs four factors in deciding whether to issue a preliminary injunction: "(1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant should a preliminary injunction be denied; (3) the balance between this harm and the harm that granting the injunction will cause to the other parties litigant; and (4) the public interest." *Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d

1039, 1041 (8th Cir. 2003) (citing *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)).

4. Here, all four *Dataphase* factors weigh heavily in favor of the Court granting Plaintiffs a preliminary injunction. As part of this Motion, Plaintiff submits the following:

1) The accompanying Memorandum in Support of this Motion, filed contemporaneously herewith, including a supporting declaration.

2) A Proposed Order filed contemporaneously with this Motion.

3) Plaintiffs' request that the Court hear this Motion on the date and time currently reserved for this Motion, Monday, July 18, 2016 at 1:00 p.m.

4) Plaintiffs' request that the Court waive the security requirement for bond pursuant to Fed. R. Civ. P. 65(c) or set the bond at zero dollars as it did previously in its Temporary Restraining Order, Doc. 13.

5. Plaintiffs and Defendant had agreed to postpone filing of this motion until today's date, Tuesday, July 12, 2016, to allow Defendant additional time to confer with counsel regarding whether he would enter into a consent preliminary injunction in this matter.

6. Plaintiffs respectfully request a telephone conference with all parties and the Court to discuss scheduling of this matter in the event the Court can no longer accommodate this hearing on Monday, July 18, 2016 at 1:00 p.m.

7. Plaintiffs respectfully request that this Court issue a preliminary injunction Order:

(1) requiring that immediately forthwith, Defendant Jiunn-Ren Chen shall return all of Plaintiffs' trade secret information in his possession, identify all locations and devices where trade secret information remains in his custody, control, or access, and identify all persons to whom he passed any trade secret and/or confidential information, including but not limited to information specific to the fifty-two documents identified in the Complaint, the documents sent by email correspondence in 2014 and 2015 by Defendant to his personal email account and/or

his wife's personal email account, along with all other confidential trade secret information not specifically identified at this point through Plaintiffs' forensic analysis;

(2) prohibiting Defendant Jiunn-Ren Chen from using, disclosing, or otherwise transmitting any and all misappropriated trade secret information for any purpose whatsoever until such time as this Court may grant full, effective relief;

(3) compelling Defendant to identify all cloud data storage accounts, including those identified through Plaintiffs' forensic review; to provide Plaintiffs with the user names and passwords for those accounts to allow Plaintiffs to recover their confidential business information and trade secrets misappropriated by Defendant and to conduct analytics on those accounts to determine whether additional transfers occurred; and, if necessary, to require Defendant to provide his authorization to third party providers that access be afforded to Plaintiffs to these accounts;

(4) ordering that the preliminary injunction in this matter shall remain in effect until such time as this Court may grant full, effective relief to Plaintiffs, or until such time as the parties agree that the preliminary injunction shall no longer be necessary to preserve the status quo;

(5) waiving security under Rule 65(c) or setting such security in a nominal amount because the risk of harm to Defendant is remote; and

(6) issuing such other and further relief as the Court deems proper.

WHEREFORE, Plaintiffs, Monsanto Company and The Climate Corporation, respectfully request that this Court grant them a preliminary injunction consistent with the attached proposed order.

        Respectfully submitted,

        HUSCH BLACKWELL LLP

        */s/ Matthew T. Schelp*
        Matthew T. Schelp, 45724MO
        Matthew P. Diehr, 61999MO
        Mark C. Milton, 63101MO
        190 Carondelet Plaza, Suite 600
        St. Louis, MO  63105
        T: 314.480.1500 / F: 314.480.1505
        matthew.schelp@huschblackwell.com
        matthew.diehr@huschblackwell.com
        mark.milton@huschblackwell.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was filed through the Court's CM/ECF system to be distributed on all parties in this matter on this 12th day of July, 2016.

        */s/ Matthew T. Schelp*
        Matthew T. Schelp, 45724MO