IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, | ) |
| | ) |
| and | ) |
| | ) |
| THE CLIMATE CORPORATION, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-876 |
| | ) |
| JIUNN-REN CHEN, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN AND JANE DOES 1 THROUGH 10 AND OTHER JOHN DOE CORPORATIONS 1 THROUGH 10 | ) |
| | ) |
| Defendants. | ) |

## STIPULATED FINAL JUDGMENT OF PERMANENT INJUNCTION AND ORDER AGAINST DEFENDANT JIUNN-REN CHEN UNDER THE DEFEND TRADE SECRETS ACT OF 2016

Plaintiffs Monsanto Company ("Monsanto") and The Climate Corporation ("Climate" or collectively, "Plaintiffs") and Defendant Jiunn-Ren Chen ("Defendant" or collectively "the Parties"), respectfully move the Court for entry of this Stipulated Final Judgment of Permanent Injunction and Order, and agree and stipulate as follows:

1. Plaintiffs filed their Complaint in this matter on June 16, 2016, under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(1), seeking injunctive relief and other remedies against Defendant.

2. Defendant admits that the Court has subject matter and personal jurisdiction over him.

3. The Parties stipulate to resolve this matter through a Stipulated Final Judgment of Permanent Injunction and Order. Mindful of the parallel criminal investigation in this matter, Defendant has not admitted to a violation of the Defend Trade Secrets Act nor has he made admissions that he has misappropriated by improper means any trade secrets as those terms are defined in 18 U.S.C. § 1839(3) and/or R.S.Mo. 417.453(4), and nothing in this Order should be construed as such an admission.

4. The Parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

5. The Parties understand and agree that the Stipulated Final Judgment of Permanent Injunction and Order will be entered under Fed. R. Civ. P. 65 and will constitute the final judgment in this matter.

6. The Parties waive the right to appeal from this judgment, and agree that except as otherwise provided in their confidential settlement agreement and separate Consent Judgment for Damages, they will bear their respective costs, including any attorneys' fees or other expenses of this litigation.

7. The Parties further understand and agree that the Court will retain jurisdiction over this matter for a total of five (5) years from the date of entry for the purpose of implementing and enforcing the Stipulated Final Judgment of Permanent Injunction and Order.

8. Defendant expressly understands and agrees that if he violates the Stipulated Final Judgment of Permanent Injunction and Order, he may be subject to sanctions for contempt.

9. The Parties understand and agree that, if the Court finds that Defendant has violated the terms of the Stipulated Final Judgment of Permanent Injunction and Order, Plaintiffs may petition the Court for permission to file a Consent Judgment for Damages and seek entry of

this separate Consent Judgment for Damages, the terms of which have been agreed upon by the Parties, and that the Parties have executed as part of a confidential settlement agreement to resolve this matter.

10. The Parties understand and agree that Plaintiffs may conduct post-judgment discovery, in accordance with the Federal Rules of Civil Procedure, for the purpose of monitoring good faith compliance with the Stipulated Final Judgment of Permanent Injunction and Order, and that, in the event Plaintiffs have determined that they will petition the Court for permission to file the Consent Judgment for Damages and seek entry of a separate Consent Judgment for Damages, Defendant may conduct discovery as well.

**REST OF PAGE INTENTIONALLY LEFT BLANK**

## ORDER FOR PERMANENT INJUNCTION

IT IS HEREBY ORDERED pursuant to the Defend Trade Secrets Act of 2016 and Fed. R. Civ. P. 65 that Defendant Jiunn-Ren Chen, immediately and forthwith, shall return all of Plaintiffs' trade secret information in his possession, identify all locations and devices where trade secret information remains in his custody, control, or access, and identify all persons to whom he passed any trade secret and/or confidential information, and including any and all other confidential trade secret information not specifically identified at this point by Plaintiffs Monsanto Company and The Climate Corporation.

IT IS FURTHER HEREBY ORDERED that Defendant Jiunn-Ren Chen is enjoined from using, disclosing, or otherwise transmitting any and all trade secret information or other proprietary assets or information for any purpose whatsoever for so long as any such protections shall apply to such assets or information.

IT IS FURTHER HEREBY ORDERED that Defendant Jiunn-Ren Chen shall identify all cloud data storage accounts used by or affiliated with him for the prior three years up to and including the present; provide Plaintiffs with the user names and passwords for those accounts to allow Plaintiffs to recover any confidential business information and trade secrets, and to conduct analytics on those accounts to determine whether additional trade secrets, as that term is defined in 18 U.S.C. § 1839(3) and/or R.S.Mo. 417.453(4) are in Mr. Chen's possession; and, if necessary, provide his authorization to third party providers that access be afforded to Plaintiffs to these accounts. This paragraph shall not apply to those accounts created after the execution of this proposed order. Further, Plaintiffs and Defendant have agreed to use reasonable means to ensure the protection of the attorney-client privilege as provided in their settlement agreement.

IT IS FURTHER HEREBY ORDERED that this permanent injunction shall remain in effect for five (5) years, or until such time as the Parties agree that the permanent injunction shall no longer be necessary.

IT IS FURTHER HEREBY ORDERED that Defendant Chen is hereby enjoined pursuant to the Defend Trade Secrets Act of 2016 from disclosing to any future employer or business affiliate any confidential, trade secret, or proprietary information of Plaintiffs or that Defendant Jiunn-Ren Chen created or contributed to create during his employment period with Plaintiffs.

IT IS FURTHER HEREBY ORDERED that this Court shall retain jurisdiction over this matter for a total of five (5) years from today for the purpose of implementing and enforcing the Stipulated Final Judgment of Permanent Injunction and Order; imposing civil or criminal sanctions for contempt, if applicable, and; entry of a separate Consent Judgment for Damages that the Parties have executed as part of a confidential settlement agreement to resolve this matter, if applicable.

IT IS FURTHER HEREBY ORDERED that Plaintiffs may conduct post-judgment discovery, in accordance with the Federal Rules of Civil Procedure, for the purpose of monitoring good faith compliance with the Stipulated Final Judgment of Permanent Injunction and Order, and that, in the event Plaintiffs have determined that they will petition the Court for permission to file the Consent Judgment for Damages and seek entry of a separate Consent Judgment for Damages, Defendant may conduct discovery as well.

REST OF PAGE INTENTIONALLY LEFT BLANK

**AGREED TO BY:**

HUSCH BLACKWELL LLP

*/s/ Matthew T. Schelp*
Matthew T. Schelp, 45724MO
Matthew P. Diehr, 61999MO
Mark C. Milton, 63101MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314-480-1500
matthew.schelp@huschblackwell.com
matthew.diehr@huschblackwell.com
mark.milton@huschblackwell.com

*Attorneys for Plaintiffs*

SINDEL, SINDEL & NOBLE, P.C.

*/s/ Richard H. Sindel*
Richard H. Sindel, 23406MO
8000 Maryland Avenue, Suite 350
St. Louis, MO 63105
Phone: 314-721-6040
rsindel@sindellaw.com

*Attorney for Defendant*

**IT IS SO ORDERED.**

Dated: 12/23/16

United States District Judge
Catherine D. Perry